IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   3:05cr57/LAC/EMT
                              3:16cv281/LAC/EMT

CEDRIC DESHAWN McPHERSON

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion to Correct Sentence Under 28 U.S.C. § 2255," and memorandum of law in support thereof (ECF Nos. 26, 29). The Government filed a response (ECF No. 33). Defendant did not file a reply. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that the § 2255 motion should be denied without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

Defendant Cedric DeShawn McPherson pleaded guilty to a single-count indictment charging him with possession of a firearm by a convicted felon (ECF No. 1, 18).

The Presentence Investigation Report ("PSR") determined that Mr. McPherson qualified as an Armed Career Criminal due to a criminal history which included convictions for attempted first degree murder and armed robbery, sale of cocaine, and armed kidnaping with a weapon and armed robbery with a firearm (ECF No. 35, PSR ¶¶ 26, 31–35).[1]  As a result of this Chapter Four designation, he was subject to an enhanced minimum mandatory term of fifteen years to life imprisonment, as well as the enhanced guidelines range set for in U.S.S.G. § 4B1.4. Mr. McPherson's total offense level was 31.  His criminal history category was VI based on his 14 criminal history points, irrespective of his ACCA designation (PSR

---

[1] Mr. McPherson had, at most, three qualifying ACCA predicates because the ACCA requires that the predicate offenses be "completed on occasions different from one another," as part of distinct criminal episodes.  *See* 18 U.S.C. § 924(e)(1); *United States v. McCloud*, 818 F. 3d 591, 595 (11th Cir. 2016).  His convictions for attempted first degree murder and armed robbery were part of a single criminal episode (PSR ¶ 31), as were his convictions for armed kidnaping with a weapon and armed robbery with a firearm (PSR ¶ 35).  These violent felony offenses were unrelated to the sale of cocaine offense and occurred on different occasions (*see* PSR ¶¶ 31, 32, 35).

Case Nos.: 3:05cr57/LAC/EMT; 3:16cv281/LAC/EMT

¶ 38). The applicable advisory guidelines range was 188 to 235 months' imprisonment (PSR ¶ 59).

On October 25, 2005 the court sentenced him to a term of 211-months imprisonment followed by three years of supervised release (ECF Nos. 22–24). Mr. McPherson did not appeal.

In June of 2016, Mr. McPherson filed a motion to correct sentence, claiming he is entitled to sentencing relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 26). In October of 2016 he filed a memorandum in support (ECF No. 29). The Government opposes the motion.

## ANALYSIS

Pursuant to the Armed Career Criminal Act ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause] or (ii) is burglary, arson, or extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk

of physical injury to another [known as the residual clause]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. *Johnson* inspired a flood of litigation, and many defendants obtaining sentencing relief.

In his § 2255 motion, Mr. McPherson concedes that his convictions for sale of cocaine and attempted first degree murder still count as ACCA predicates. However, he claims that his convictions for armed robbery, robbery with a firearm, and armed kidnapping with a weapon do not, and that he therefore does not have the three predicate offenses necessary to support the application of the ACCA enhancement.

As Mr. McPherson acknowledged when he filed his motion, existing Eleventh Circuit precedent held that armed robbery under Florida law was a violent felony (ECF No. 29 at 5). He contended that the existing precedent was in error because the force referenced in the Florida robbery statute is not the same level of violent

force necessary for ACCA's elements clause, and that neither the use nor threat of violent force is required at all (*id*. at 6-11). However, in light of recent Supreme Court case law, his assertion is without merit.

The record reflects that the robbery/kidnapping that took place involved the use of a handgun, albeit by one of Mr. McPherson's co-defendants (ECF No. 35, PSR ¶ 35). The victim in that case stated that he was ordered into a vehicle driven by Mr. McPherson at gunpoint. One of the passengers kept a gun pointed at the victim until they arrived at another location. There, the victim and the two passengers exited the vehicle. One of the passengers stole the victim's pants and wallet while the other kept the gun pointed at the victim's head. The suspect pulled the trigger once, and when nothing happened they left the victim and fled in the vehicle driven by Mr. McPherson. The firearm was recovered after having been thrown out of the vehicle just before a traffic stop.

Regardless of these facts, the Supreme Court recently held that Florida robbery categorically qualifies as an ACCA predicate offense under the ACCA's elements clause. *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019). The Court stated that "'physical force,'" or "'force capable of causing physical pain or injury' . . . includes the amount of force necessary to overcome a victim's resistance.

Robbery under Florida law corresponds to that level of force and therefore qualifies as a "violent felony" under ACCA's elements clause." *Stokeling*, 139 S. Ct. at 555 (citation omitted). Therefore, Mr. McPherson's argument that his 2004 Florida robbery conviction is not an ACCA predicate is foreclosed by *Stokeling*, and he is not entitled to sentencing relief.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.   The Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 26) be **DENIED**.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of February 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:05cr57/LAC/EMT; 3:16cv281/LAC/EMT